```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| J.M. and D.M. o/b/o C.M., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 03-2804 (JBS) |
| v. | |
| WOODLAND TOWNSHIP BOARD OF EDUCATION, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Philip S. Burnham, II, Esq.
BURNHAM & WIESNER, LLC
102 Browning Lane, Suite C-2
Cherry Hill, New Jersey 08003
     Attorney for Plaintiffs

James F. Schwerin, Esq.
PARKER McCAY & CRISCUOLO P.A.
1009 Lenox Drive
Building Four East, Suite 102A
Lawrenceville, New Jersey 08648
     Attorney for Defendants

**SIMANDLE**, District Judge:

   This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Presently before the Court is the motion for summary judgment of Defendants Woodland Township Board of Education, et al. For the reasons discussed herein, the Court finds that this case cannot go forward unless and until Plaintiffs exhaust their available remedies to enforce a mediated agreement and to develop the factual record at a due process hearing. Plaintiffs cannot

bypass these essential steps before asserting IDEA claims and due process claims under 42 U.S.C. § 1983 in this case.

## BACKGROUND

On June 11, 2003, Plaintiffs, the parents of a child eligible for services under the IDEA, filed a Complaint on behalf of that child, C.M.  Defendants are the Woodland Township Board of Education ("Board"), Woodland Township School District, and various individual employees.

At the time the Complaint was filed, C.M. was a twelve-year old student in the Woodland Township School District.  On June 14, 1996, C.M. was evaluated, classified as "perceptually impaired," and considered eligible for services under the IDEA.  Thereafter, various Individualized Education Programs ("IEP") were developed to provide appropriate services for C.M. as required by the IDEA.  Dissatisfied with the progress of her son, C.M.'s mother, J.M., wrote multiple letters between June of 1998 and July of 2002 to Defendants and the State of New Jersey, requesting that the Defendants comply with the requirements of N.J.A.C. 6A:14-3.4 and the IDEA and develop an adequate IEP to meet her son's needs.  Defendants performed an evaluation of C.M. in April and May of 1999, an evaluation that Plaintiffs felt was incomplete.

Plaintiffs filed a complaint with the Office of Administrative Law in October 2000.  On October 19, 2000, the

presiding Administrative Law Judge ("ALJ") found that the 1999 IEP was inadequate under N.J.A.C. 6A:14-3.4 and signed an order requiring that an independent evaluation of C.M. be performed and a new IEP be developed in accordance with the law.

On February 23, 2001, an evaluation of C.M. was performed by the Children's Hospital of Philadelphia ("CHOP") Center for Management of Attention Deficit Hyperactivity Disorder. Defendants developed an IEP for C.M. in June 2001, but did not include a functional behavioral assessment.  On June 4, 2002, J.M. wrote a letter to Defendants and on June 24, 2002, a letter to the New Jersey Department of Education, requesting that a functional behavioral assessment be performed.  The Department of Education investigated the appeal and on November 14, 2002, found that the IEP developed by the Defendants had complied with the ALJ's order.  Plaintiff J.M. challenged the order by appealing the decision through letters written to the State and to the Governor of New Jersey.  In September 2002, a mediation agreement ("Agreement") was reached between Plaintiff and Defendants. Dissatisfied with the delayed responses from the Defendants and the continuing poor performance of C.M., Plaintiffs filed a Complaint with this Court on June 11, 2003.

Plaintiffs' initial Complaint set forth five causes of action: (1) that Defendants failed to provide a free and appropriate public education ("FAPE") for C.M., as required by

3

the IDEA; (2) that Defendants did not develop an IEP consistent with the various assessments of C.M.'s disability and the Agreement; (3) that Defendants failed to comply with N.J.A.C. 6A:14-3.4, the New Jersey regulations enforcing the IDEA; (4) that Defendants failed to comply with the ALJ's October 2000 order; and (5) that, by their actions, Defendants have deprived C.M. of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution.

Defendants subsequently moved for judgment on the pleadings. By Order dated July 29, 2004, this Court dismissed Count IV with prejudice as untimely and dismissed the remaining counts without prejudice to the filing of an Amended Complaint.  Plaintiffs filed their Amended Complaint on August 23, 2004, setting forth five counts.  Count I is labeled as seeking enforcement of the Agreement between the parties, although it actually appears to seek damages for non-compliance with the IDEA.  Count II actually asks for enforcement of the Agreement.  Count III asserts a violation of N.J.A.C. 6A:14-3.4 and Count IV seeks damages under 42 U.S.C. § 1983 for violations of Plaintiffs' constitutional rights.  Count V seeks attorneys' fees for the administrative proceedings.  Defendants have now moved for summary judgment. Plaintiffs oppose this motion, arguing primarily that it is premature, as discovery has not yet been completed.

**DISCUSSION**

<u>Summary Judgment Standard of Review</u>

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. <u>Id.</u> Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. <u>Id.</u>

In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999) (quoting <u>Liberty Lobby</u>, 477 U.S. at 255). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Liberty Lobby</u>, 477 U.S. at 250; <u>Brewer v. Quaker State Oil Refining Corp.</u>, 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. Partnership of Gepner and Ford, 930 F.2d 1056, 1061-63 (3d Cir. 1991)(reviewing district court's grant of summary judgment in a trademark action); Lucent Info. Manage. v. Lucent Tech., 986 F. Supp. 253, 257 (D.N.J. 1997)(granting summary judgment in favor of telecommunications provider in trademark action), aff'd, 186 F.3d 311 (3d Cir. 1999); Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989), cert. denied, 493 U.S. 1023 (1990).  However, where the nonmoving party bears the burden of persuasion at trial, as plaintiff does in the present case, "the burden on the moving party may be discharged by 'showing' –- that is, pointing out to the district court —- that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp., 477 U.S. at 325.

The non-moving party "may not rest upon the mere allegations or denials of" its pleading in order to show the existence of a genuine issue.  Fed. R. Civ. P. 56(e).  Plaintiff must do more than rely only "upon bare assertions, conclusory allegations or suspicions."  Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985) (citation omitted); see Liberty Lobby, 477 U.S. at 249-50.  Thus, if the plaintiff's

evidence is a mere scintilla or is "not significantly probative," the court may grant summary judgment. Liberty Lobby, 477 U.S. at 249-50; Country Floors, 930 F.2d at 1061-62.

Timeliness of Defendants' Motion

In responding to Defendants' motion for summary judgment, Plaintiffs argue primarily that the motion should be denied because it is premature. Discovery was completely stayed in this case pending the Court's decision on Defendants' motion for judgment on the pleadings. Plaintiff argues that discovery is essential here to prove Plaintiffs' claims and Defendants' motion should thus be denied.

Rule 56(f) of the Federal Rules of Civil Procedure authorizes this Court to deny summary judgment "if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp., 477 U.S. at 326. "A Rule 56(f) motion must 'identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" Bradley v. United States, 164 F. Supp. 2d 437, 441 n.1 (D.N.J. 2001) (citing St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994); Hancock Industries v. Schaeffer, 811 F.2d 225, 229-30 (3d Cir. 1987); Securities & Exchange Comm'n v. Antar, 120 F. Supp. 2d 431, 440-41 (D.N.J. 2000)).

Plaintiffs' attorney's Rule 56(f) certification states only that "[i]t is essential that plaintiffs be permitted to conduct discovery to pursue the IDEA claims, as well as to prove that defendants failed to comply with IDEA, and mediation agreement." (Certification of Counsel Pursuant to Rule 56, ¶ 7.)

Defendants' basis for their motion for summary judgment is their contention that Plaintiffs have failed to exhaust the requisite administrative remedies; the substantive issues of IDEA compliance or compliance with the Agreement do not form the basis for the motion.  Plaintiffs' Rule 56(f) certification, however, fails to address this.  Moreover, as the disposition of this motion depends principally upon a question of law – whether enforcement of the mediated Agreement must first be sought before the administrative agency – Plaintiff is already in possession of all the information needed to intelligently address Defendants' motion here.  Absent an identification with specificity of what Plaintiffs lack to adequately address Defendants' motion, the Court is compelled to deny Plaintiffs' request for discovery and deny Plaintiffs' motion for an extension of time to respond to the summary judgment presently before it.

<u>Exhaustion of Administrative Remedies</u>

In 2002, mediation between the parties, conducted by the New Jersey Department of Education, resulted in an Agreement. Defendants now move for summary judgment, arguing that Plaintiffs

8

may not sue to enforce the Agreement without first exhausting the appropriate administrative remedies.

Plaintiffs have not asserted that there has ever been any due process hearing or decision requiring Defendants to supply what the mediated Agreement promised.  Administrative remedies offered by the Department of Education in New Jersey are set forth at N.J.A.C. 6A:14-9.1, et seq., calling for investigation of complaints and issuance of corrective action plans.  The right to apply for a due process hearing, even after a complaint investigation, is reserved at N.J.A.C. 6A:14-9.2(k).  The New Jersey Department of Education's August 8, 2002 letter to Plaintiffs specifically states that enforcement of the mediation agreement may be requested by writing to the Department of Education.  (Defs.' Ex. B.)  However, Plaintiffs have not offered anything to suggest that such a request was made.  In addition, Plaintiffs have not offered anything to show that they initiated due process proceedings.  Defendants thus assert that Plaintiffs have failed to exhaust the administrative remedies provided, which have been found to meet IDEA requirements.  Baer v. Klagholz, 771 A.2d 603, 634 (N.J. Super. Ct. App. Div. 2001), certif. denied, 784 A.2d 717 (N.J. 2001).

The exhaustion requirement "serves a number of important purposes, including (1) permitting the exercise of agency discretion and expertise on issues requiring these

9

characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error." Ass'n for Retarded Citizens of Alabama v. Teague, 830 F.2d 158, 160 (11th Cir. 1987); see also Komninos by Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994) (noting the strong policy requiring the exhaustion of administrative remedies in the IDEA context).  Exhaustion is not required, however, where doing so would be futile or inadequate. Honig v. Doe, 484 U.S. 305, 327 (1988).

This Court finds that administrative exhaustion is appropriate in this case.  Here, the educational agency has not been permitted to exercise its discretion and expertise on the disputed issues.  While mediation occurred in this case, a due process hearing was never held.  In addition, there has been no development of technical issues or of a factual record before this action came before this Court.  The educational agency, possessing vast experience and expertise, is in the best position to consider the integral facts necessary to tailor an educational program to the needs of a disabled child.  Moreover, "failure to require exhaustion would encourage parties to circumvent administrative review by entering into, and then disregarding,

10

settlement agreements in order to go directly to federal court." Steward v. Hillsboro School District No. 1J, 2001 U.S. Dist. Lexis 9887, *14 (D. Or. Mar. 1, 2001). Finally, the educational agency should be given the first opportunity to correct any errors that it may have made before a judicial decision is rendered.

Also, that Plaintiffs allege a count against Defendants based on 42 U.S.C. § 1983 is of no moment. When parents file a suit under another law that protects the rights of disabled children that could have been filed under IDEA, they are required to exhaust IDEA's remedies just as if it had been originally filed under those provisions. Jeremy H. v. Mount Lebanon School Dist., 95 F.3d 272, 278 (3d Cir. 1996).

Plaintiffs seem to argue that exhaustion would be futile here because the relief sought in this civil action is not available in an IDEA administrative proceeding. See W.B. v. Matula, 67 F.3d 484, 496 (3d Cir. 1995). Plaintiffs, however, seek enforcement of the mediated Agreement. This Court is unclear how Plaintiffs do not avail themselves of that relief through the remedies provided for by the State of New Jersey. See N.J.A.C. 6A:14-9.1, et seq. Therefore, this Court will grant Defendants' motion for summary judgment on the ground that Plaintiffs have not exhausted available administrative remedies and other causes of action, for damages, should be deferred until

Plaintiff has done so.  Accordingly, the Amended Complaint will be dismissed without prejudice to Plaintiffs' right to pursue available administrative remedies to enforce the mediated Agreement, in accordance with Counts I and II.  The remaining Counts III, IV and V will be stayed pending completion of ongoing administrative proceedings, with this case being administratively terminated upon the docket pending reopening upon the request of any party when administrative remedies have been exhausted.

## CONCLUSION

For the reasons discussed above, this Court grants the motion of Defendants for summary judgment, dismissing Counts I and II of the Amended Complaint for failure to exhaust administrative remedies to seek enforcement of the mediated Agreement.  Counts III, IV and V will be stayed pending exhaustion of administrative remedies.  The case will be administratively terminated upon the docket pending exhaustion of available remedies without prejudice to reopen for further proceedings consistent with law, if necessary.  The accompanying Order is entered.

**May 6, 2005**                         **s/ Jerome B. Simandle**
DATE                                    JEROME B. SIMANDLE
                                        United States District Judge